HARDY, Judge.
This suit was instituted as a concursus proceeding in which the disbursement of $707.62 has been withheld pending resolution of the title interest of Hettie Elmore Dickerson, her successors and assigns, in and to certain property in Ouachita Parish, subject to a mineral lease of plaintiff, A. C. Glassell.
Judgment was rendered recognizing Ho-•mcr Dickerson as the owner of one-fourth ■of the surface area of the tract described; -Glassell as owner and sublessee of a mineral lease; McCormick and Beason as ■owners of one-eighth each of the minerals; •and the defendants, Armand F. Rabun and Mary John Baugham as owners in the minerals in the proportion of five-twenty-fourths and one-twenty-fourth, respectively. From this judgment appeals have been filed by plaintiff Glassell and defendant, Hettie Elmore Dickerson.
The record discloses that Hettie Elmore Dickerson was an illegitimate child of Carrie Holmes, who died in September of 1914. In January, 191S, C. W. Parnell, a creditor of the Carrie Holmes Estate, was appointed administrator and caused to be sold the property in question, which was purchased by one FI. Q. Green. On December 20, 1915, Green sold the same property to Luvenia Elmore, a single woman, and Mrs. Hettie Dickerson, which deed, in addition to the signatures of H. Q. Green and Luvenia Elmore and Hettie Dickerson, bore the notation “I authorize my wife to sign — [S]—Homer Dickerson.” Hettie Elmore and Homer Dickerson had been married on October 13, 1915. An examination of the deed reveals a credit transaction with no reference to a separate and paraphernal nature of the acquisition by Hettie Dickerson.
The sole question presented by this appeal appears to involve a determination as to whether the property acquired by Hettie Dickerson was a part of the community. Homer and Hettie Elmore Dickerson were divorced on January 18, 1924.
It is our opinion, in accordance with that of the trial judge, that this case is governed by the principles set forth in Monk v. Monk, 243 La. 429, 144 So.2d 384.
For the reasons assigned the judgment appealed from is affirmed and
IT IS HEREBY ORDERED, ADJUDGED AND DECREED, with respect to that certain tract of land located in Ouachita Parish, Louisiana, described as being:
The South Half of Northeast Quarter ' (S of NE y4) of Section Ten (10), Township Seventeen (17) North, Range One (1) East;
that:
(a). Homer Dickerson is recognized and decreed to be the owner of *395 one-fourth of the surface area and Hettie Elmore Murphy is recognized and decreed to be the owner of one-fourth of the surface area thereof;
(b). The plaintiff herein, A. C. Glas-sell, is recognized as the valid owner and sub-lessee of the said described tract of land insofar as it covers the one-fourth mineral interest theretofore owned by Hettie Elmore Murphy;
(c). Lee McCormick and Robert W. Beason are recognized and decreed to be the owners of one-eighth each in and to all of the oil, gas and other minerals in and under said tract of land;
(d). Armand F. Rabun and Mary John Baugham are recognized and decreed to be the owners in the proportions of five-twenty-fourths and one-twenty-fourth, respectively, of all oil, gas and other minerals in and under the property herein-above described.
The production interests of royalty received from the production of oil or gas from said tract are allocated as follows:
To Armand F. Rabun five-twenty-fourths and to Mary John Baughám one-twenty-fourth.
As to the overriding royalty, the interests are allocated as follows:
(1). To J. H. Henry, Jr., one-forty-eighth (Jisth) of the overriding royalty as and from the beginning of production until the sum of $1,-066.66 has been received.
(2). To S. O. Henry, Jr., one-twenty-fourth of the overriding royalty as and from the beginning of production until the sum of $2,133.34 has been received.
IT IS • FURTHER ORDERED, ADJUDGED AND DECREED that there be, and there is, judgment in favor of defendants, Lee McCormick and Robert W. Bea-son, in equal proportions, and against the plaintiff, A. C. Glassell, in the sum of $1,-508.26; reserving to said parties the right to claim any and all additional sums received by said A. C. Glassell, and also reserving the rights of the -said Glassell to-recover from Lee McCormick and Robert W. Beason their pro-rata share of the cost of the well drilled in the section including the tract described.
For the reasons assigned the judgment appealed from is affirmed, and
It is ordered that all costs be paid from monies deposited in the registry of the court.